UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LINDA L. LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV17SNL |
| ) | |
| UNITED STATES POSTAL SERVICE ) | |
| and PEGGY BECK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff has filed this employment discrimination action alleging that she was terminated from her job as a postmaster on the basis of a disability.[1] This matter is before the Court on the defendants' motion for summary judgment (#10), filed June 15, 2007. Responsive pleadings have been filed.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really

---

[1] Plaintiff originally filed this action *pro se*; shortly thereafter, an attorney was retained. Her complaint has never been amended and as filed appears to state a claim pursuant to Title VII; however, since a disability claim is not actionable under Title VII, the Court will address plaintiff's disability claim as filed pursuant to the Americans with Disability Act (ADA), 42 U.S.C. §12101 *et. seq.*

do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). Although summary judgment should seldom be granted in employment discrimination cases, it is proper in those cases wherein the plaintiff fails to establish a factual dispute on an essential element of the case. Snow v. Ridgeview Medical Center, 128 F.3d. 1201, 1205 (8th Cir. 1997), *citing* Bialas v. Greyhound Lines, Inc., 59 F.3d. 759, 762 (8th Cir. 1995). "Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one

party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." Whitley v. Peer Review Sys., Inc., 221 F.3d. 1053, 1055 (8th Cir. 2000)(citations omitted). The Eighth Circuit has "repeatedly cautioned that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d. 986, 990 (8th Cir. 1998)(citations omitted); *see*, Mayer v. Nextel West Corp., 318 F.3d. 803, 806 (8th Cir. 2003) *citing* Keathley v. Ameritech Corp., 187 F.3d. 915, 919 (8th Cir. 1999). However, it is clear that to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Systems, Inc., 348 F.3d. 732, 733-34 (8th Cir. 2003) *quoting* Wilson v. Int'l Bus. Mach. Corp., 62 F.3d. 237, 241 (8th Cir. 1995); Girten v. McRentals, Inc., 337 F.3d. 979, 982 (8th Cir. 2003)(plaintiff's theory of age discrimination failed "[b]ecause this theory is supported more by contentions and speculation than evidence, it is insufficient to withstand summary judgment.").

Although the Court is required to view the facts in the light most favorable to the non-moving party, it should not accept "unreasonable inferences or sheer speculation as fact.". Howard v. Columbia Public School District, et. al., 363 F.3d. 797, 800 (8th Cir. 2004). A plaintiff may not "simply point to allegations made in [her] complaint but must identify and provide evidence of `specific facts creating a triable controversy." Howard, at 800 *quoting* Jaurequi v. Carter Manufacturing Co., 173 F.3d. 1076, 1085 (8th Cir. 1999). Furthermore, a plaintiff may not simply provide a massive record expecting the Court to sift through it in an effort to find support for the plaintiff's allegations. Howard, at 800-01 (citations omitted). The Court

3

is only obligated to consider "admissible evidence and disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions in fact.". Howard, at 801 *citing* Shaver v. Independent Stave Co., 350 F.3d. 716, 723 (8th Cir. 2003).

The facts of this case are undisputed.[2] On or about January 30, 2004 plaintiff received notice from defendant United States Postal Service (USPS) of proposed adverse employment action calling for her removal as Postmaster of Bevier, Missouri for "failure to follow postal service financial and/or accounting practices/failure to follow leave procedures/failure to follow instructions. Defendants' Exhibit 1. On or about March 27, 2004 plaintiff was formally removed from service as the Postmaster of Bevier, Missouri by the defendant USPS. Defendants' Exhibit 2.

On or about March 9, 2004 plaintiff filed the first of two (2) administrative complaints with the EEO relating to the notice of removal by the USPS on January 30, 2004.[3] Defendants' Exhibit 3. In this EEO Complaint (hereinafter referred to as EEO Complaint #1), plaintiff alleged discrimination on the basis of race, sex, age, retaliation, and disability. At the time of filing EEO Complaint #1, plaintiff was represented by attorney David Swimmer. Defendants' Exhibit 3. On or about February 3, 2005 the USPS issued it final decision in the matter holding that no discrimination nor retaliation had taken place . Defendants' Exhibit 4. The written Agency

---

[2]Plaintiff filed a "Statement of Uncontroverted Material Facts" (#17) which fails to comport in any meaningful way with Local Rule 4.01. It is nothing more that plaintiff's self-serving narration as to why the defendant allegedly discriminated against her. It fails to address any of the facts as enumerated in the defendant's Statement of Uncontroverted Material Facts (#12). Thus, as directed by Local Rule 4.01, in light of plaintiff's failure to properly object to the defendant's Statement of Uncontroverted Material Facts (#12), "[A]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment . . .".

[3]Since this case involves a (quasi) federal agency, plaintiff's complaint is filed with the Equal Employment Opportunity officer with the USPS. The USPS does the initial investigation and renders its final decision which is then subject to an appellate procedure.

Decision expressly set forth plaintiff's appeal rights. Plaintiff could either file an appeal within thirty (30) days with the Merit Systems Protection Board or in lieu of filing an appeal with the MSPB, plaintiff could file a civil action within thirty (30) days in the appropriate United States District Court.[4]

On or about March 10, 2004 plaintiff filed her second EEO Complaint (EEO Complaint #2) alleging that defendant Beck had discriminated against her regarding plaintiff's use of sick leave in October and November 2002. Defendants' Exhibit 5. Plaintiff alleged that she was discriminated against on the basis of race, color, sex, age, and disability. Again, plaintiff was represented by attorney David Swimmer. On or about USPS issued it final agency decision dismissing the administrative complaint as being untimely. Defendants' Exhibit 6. The written Agency Decision expressly set forth plaintiff's appeal rights. Plaintiff could either appeal directly within thirty (30) days with the Office of Federal Operations (OFO) or file a civil action within ninety (90) days with the appropriate United States District Court (assuming that she had not elected to file an administrative charge with the EEOC). Defendants' Exhibit 6, pgs. 3-4.

On or about March 23, 2006 plaintiff filed the instant action alleging disability discrimination in connection with her sick leave and termination. She contended that the

---

[4]There appears to be some confusion as to the deadline period regarding filing an appeal from a final agency decision with the district court. Defendants' Exhibit 4, pg. 10 clearly states: "In lieu of an appeal to the MSPB you may file a civil action in an appropriate United States District Court within 30 days of your receipt of this final agency decision." Given this language, plaintiff had until early March 2005 to file a complaint in this Court. However, defendant USPS states in its memorandum in support of summary judgment, that "[U]nder federal law, Lyons had 90 days, or up to May 4, 2005, to file a civil action with this Court." Without citing any federal law, defendant USPS avers that plaintiff had until May 4, 2005 to file her complaint with this Court. [The Court presumes that defendant USPS may be referring to 42 U.S.C. §2000e-5(f)(1)] Regardless of whether the applicable deadline is 30 days or 90 days, as will be addressed further in this memorandum, plaintiff's filing of her complaint with this Court was untimely.

discrimination took place from September 2002 to March 27, 2004. Document #3. She did not attach either one of her earlier EEO administrative complaints.[5]

Defendants contend that plaintiff's judicial complaint is untimely. Firstly, they contend that she failed to file her judicial complaint within 90 days of the final agency decision regarding EEO Complaint #1 or within 90 days of the final agency decision regarding EEO Complaint #2. Secondly, defendants contend that plaintiff failed to exhaust her administrative remedies as to EEO Complaint #2 because she filed said complaint more than forty-five (45) days of the date(s) of the alleged discriminatory acts of defendants; i.e. sick leave plaintiff took in October and November 2002. Plaintiff appears to counter that she was not subject to any filing deadline and if she was subject to any such filing deadline, it should be equitably tolled because she was "incapable of rational thought or deliberate decision making" due to the defendants' actions.

After careful consideration of the matter and upon review of the parties' pleadings and relevant caselaw, the Court finds that plaintiff's filing of the instant action is time-barred and not subject to equitable tolling.

A suit under the ADA[6] against the federal government[7] must be filed in a United States District Court within ninety (90) days of the final action on an individual complaint if no appeal

---

[5]Defendant USPS confuses the filing of an EEO administrative complaint with an EEOC administrative complaint. In federal discrimination matters, a plaintiff files an administrative charge with the EEO officer of the employer agency. As in this situation, plaintiff had the choice of either appealing to the MSPB, filing an administrative complaint with the EEOC, or filing a civil action with the appropriate district court. In this case, since plaintiff chose to file a civil action with a district court, there would be no EEOC complaint or EEOC Right-to-Sue letter to attach to her judicial complaint.

[6]As stated earlier, although USPS' counsel appears to argue this matter as a Title VII case, the Court will address this lawsuit as one for disability discrimination under the ADA since plaintiff's complaint lists only disability as the basis for discrimination.

[7]The USPS is viewed as a quasi-federal agency.

6

has been taken. 29 C.F.R. §614.407; *see also*, 42 U.S.C. §12101 *et. seq.* This regulation, although not a jurisdictional requirement, is akin to a statute of limitations and as such, it is subject to equitable tolling. *See*, Williams v. The Thompson Corp., 383 F.3d. 789, 790 (8th Cir. 2004); Hallgren v. United States Dep't of Energy, 331 F.3d. 588, 589 (8th Cir. 2003)(application of 29 C.F.R. 1614.407 to an ADEA claim). The 90 day period begins running upon plaintiff's receipt of the agency's final decision. Hallgren, at 589. "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Williams, at 791 *quoting* Heideman v. PFL, Inc., 904 F.2d. 1262, 1266 (8th Cir. 1990); Hallgren, at 590 *quoting* Heideman v. PFL, *supra.* "Equitable tolling" is an extremely narrow doctrine that applies only when "extraordinary circumstances" beyond the plaintiff's control prevent filing on time. Iverson v. Ingersoll-Rand Co., 125 Fed.Appx. 73, 77 (8th Cir. 2004) *citing* Jihad v. Hvass, 267 F.3d. 803, 805 (8th Cir. 2001). Equitable tolling has been applied in situations wherein the plaintiff has received inadequate notice, a motion to appoint counsel is pending, a court leads a plaintiff to believe nothing more is required of the plaintiff, or there is affirmative misconduct by the defendant. Hallgren, at 590 *citing* Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

    In the present case, defendant USPS issued its final decision on plaintiff's EEO Complaint #1 on February 3, 2005. She had up to and including May 4, 2005 to file her lawsuit in district court. Defendant USPS issued it final decision on plaintiff's EEO Complaint #2 on May 18, 2004. Plaintiff, had at the latest[8], up to and including August 16, 2004 to file her lawsuit in district court. Plaintiff filed the instant lawsuit on March 23, 2006, more than ten (10) months

---

[8]Using the 90 day deadline for filing.

after the final agency decision on her EEO Complaint #1 and more than nineteen (19) months after the final agency decision on her EEO Complaint #2.

Plaintiff's complaint is time-barred unless this Court applies the doctrine of equitable tolling. Plaintiff contends that the filing period should be tolled because she was too mentally unstable due to the defendant's actions to comply with the filing deadlines. After careful consideration of the matter, the Court finds that equitable tolling should not be invoked. Plaintiff's self-serving assertion regarding her mental state is not supported by any affirmative evidence. She had proper notice of both final decisions, she was represented by counsel during the administrative process[9], and there is no allegation that defendant USPS misled plaintiff in any way as to her appeal rights and applicable deadlines.

Plaintiff's claim against defendant USPS is time-barred and the defendant's motion for summary judgment will be granted.[10]

Dated this __20th__ day of February, 2007.

*[signature: Stephen N. Limbaugh]*
SENIOR UNITED STATES DISTRICT JUDGE

---

[9]This is the same counsel that notarized plaintiff's response and affidavit to the summary judgment motion while she was acting *pro se*; then later entered his appearance on her behalf.

[10]In light of the Court's findings, there is no need to address the secondary ground for summary judgment; i.e., plaintiff failed to timely exhaust her administrative remedies as to EEO Complaint #2 because she filed said complaint more that forty-five (45) days after the date of the last alleged discriminatory act. 29 C.F.R. §1614.105; *see*, Bailey v. U.S.P.S., 208 F.3d. 652, 654 (8th Cir. 2000). Plaintiff did not contact an EEO Counselor until March 31, 2004 about her claims of discrimination against defendant Beck arising in October-December 2002. Her EEO Complaint #2 was filed significantly more than 45 days after her claims arose.